UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GARY BARTLOMIEJCZAK,

                      Plaintiff,                08-CV-831A(Sr)

v.

DONALD LIVINGSTON,

and

TIMOTHY HOWARD,

                      Defendants.

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #33.

Plaintiff, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants, Erie County Sheriff Timothy Howard and First Deputy Superintendent of the Erie County Sheriff's Office, Jail Management Division, Donald Livingston, failed to take reasonable precautions to protect him from Methicillin Resistant Staphylococcus Aureus ("MRSA"), and denied him adequate medical care after he contracted MRSA while incarcerated at the Erie County Correctional Facility ("ECCF"), in September of 2008. Dkt. #6.

Currently before the Court is defendants' motion for summary judgment (Dkt. #26), and plaintiff's motion for summary judgment. Dkt. #29. For the following reasons, it is recommended that defendants' motion be granted and plaintiff's motion be denied.

## BACKGROUND

Plaintiff testified at his deposition that during September of 2008, he noticed a lump under his armpit that continued to grow and asked a nurse making rounds on the cell block to refer him to the medical unit for an examination, but the nurses kept telling him it was nothing to worry about. Dkt. #27-4, p.29. Plaintiff repeatedly requested to be seen at sick call, but was not sent to the medical unit until the abscess under his armpit burst. Dkt. #27-4, p.29.

On September 26, 2008, Corrine Posluzney, a registered nurse in the ECCF medical unit, took a swab culture of the abscess and sent it to the lab at the Erie County Medical Center ("ECMC"), to test for the presence of MRSA. Dkt. #27-5, ¶ 8. On September 28, 2008, Dr. Weinstein prescribed the antibiotic Bactrim DS twice daily to treat any infection. Dkt. #27-5, ¶ 9. Dr. Weinstein also prescribed 600 milligrams of Motrin twice daily for pain. Dkt. #27-5, ¶ 9. On October 1, 2008, ECMC confirmed that the swab culture was positive for MRSA. Dkt. #27-5, ¶ 10. Dr. Lebowitz reviewed the lab results and noted that no further medications were necessary, as Bactrim was the appropriate antibiotic for MRSA. Dkt. #27-5, ¶ 10. Plaintif received the Bactrim and Motrin, as prescribed, through October 11, 2008. Dkt. #27-5, ¶ 11. Medical records indicate that plaintiff was examined by Dr. Lebowitz on October 17, 2008, who noted that

plaintiff's abscess was healing and there was no evidence of infection. Dkt. #27-5, ¶ 12. Plaintiff denies ever being examined by Dr. Lebowitz. Dkt. #27-4, pp.50-51.

Plaintiff testified at his deposition that the abscess left a scar. Dkt. #27-4, p.29. He has had no further MRSA infections or treatment for MRSA. Dkt. #27-4, p.36. Plaintiff was aware that approximately three other inmates had contracted MRSA infections prior to and during the same time frame of his infection and complained that defendants failed to isolate infected inmates or otherwise take any steps to attempt to stop MRSA from spreading throughout the facility. Dkt. #27-4, p.43, 48 & 62. Plaintiff thought that defendants Howard and Livingston were aware of the presence of MRSA through medical personnel working at the facility and because a couple of corrections officers had been infected and went out on Workers' Compensation. Dkt. #27-4, pp.37-38 & 40.

Plaintiff submitted information regarding MRSA from WebMD explaining that

> Garden-variety staph are common bacteria that can live on our bodies. Plenty of healthy people carry staph without being infected by it. In fact, 25-30% of us have staph bacteria in our noses.
>
> But staph can be a problem if it manages to get into the body, often through a cut. Once there, it can cause an infection. Staph is one of the most common causes of skin infections in the U.S. Usually, these are minor and don't need special treatment. Less often, staph can cause serious problems like infected wounds or pneumonia.
>
> Staph can usually be treated with antibiotics. But over the decades, some strains of staph – like MRSA – have become resistant to antibiotics that once destroyed it.

Dkt. #32, p.36. The WebMD site further explains that

> MRSA is spread by contact. So you could get MRSA by
> touching another person who has it on the skin. Or you could
> get it by touching objects that have the bacteria on them.
> MRSA is carried, or "colonized" by about 1% of the
> population, although most of them aren't infected.

Dkt. #32, p.36.

Edwin Heidelberger, M.D., Ph.D., Clinical Assistant Professor in the School of Medicine at the State University of New York at Buffalo and Chief Medical Officer for the County of Erie Department of Health, Division of Public Health, Safety and Wellness, reviewed plaintiff's medical records and opined that, in his professional opinion, with a reasonable degree of medical certainty,

> there was no act or omission in the care and treatment of
> [plaintiff] by the ECCF medical staff which deviated from the
> accepted standard of care, nor did any act or omission by any
> of the ECCF medical staff cause any of the injuries alleged by
> the plaintiff. [Plaintiff's] physical condition was appropriately
> monitored and treated.

Dkt. #27-5, ¶ 17.

## **DISCUSSION AND ANALYSIS**

Defendants argue that plaintiff has failed to demonstrate that his MRSA infection was objectively serious or that defendants were deliberately indifferent to plaintiff's medical needs. Dkt. #28. Defendants also note that plaintiff has proffered no evidence to suggest the personal involvement of defendants in his medical treatment or alleged denial thereof. Dkt. #28, pp.11-12.

Plaintiff argues that defendants are liable for failing to inform him of the outbreak of MRSA within the ECCF, failing to quarantine inmates with MRSA; failing to take reasonable precautions to prevent the spread of MRSA, such as properly sanitizing contact surfaces or segregating laundry; failing to timely inform him of his positive test results for MRSA; and failing to permit him to be seen by a medical doctor. Dkt. #30.

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment,

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

**Eighth Amendment Claim**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). For a claim based on failure to prevent harm, plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference requires more than negligence and has been equated with recklessness, *i.e.*, a reckless disregard of a substantial risk actually perceived by the defendant. *Id.* at 836.

In the instant case, plaintiff has failed to establish that the risk of contracting MRSA within the prison facility was substantial. Plaintiff's claim that approximately three

other inmates and a couple of corrections officers had contracted MRSA infections prior to and during the same time frame of his infection is wholly insufficient to demonstrate substantial risk of serious harm to the inmate population in general or plaintiff in particular. Moreover, plaintiff's speculation is insufficient to demonstrate that these particular defendants were aware of any MRSA infections within the facility. *See Wright v. Smith*, 21 F.3d 496, (2d Cir. 1994) (It is well settled that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 42 U.S.C. § 1983 and that a supervisory official cannot be liable pursuant to the doctrine of *respondeat superior*.).

To state a claim of deliberate indifference to a serious medical need, plaintiff must demonstrate that, as an objective matter, he suffered from a sufficiently serious medical condition. *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). A medical need is serious if it presents a condition of urgency that may result in degeneration or extreme pain. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). In making this assessment, courts consider whether a reasonable medical doctor would find the condition important and worthy of comment or treatment; the impact the condition has on activities of daily living; and the existence of chronic and substantial pain. *Id.*

Where the claim is that the care provided was inadequate, plaintiff must demonstrate that, as an objective matter, the alleged deprivation of adequate medical care was sufficiently serious, *i.e.*, that he "was actually deprived of adequate medical care." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). In making this

determination, courts assess whether the inadequacy in medical care is sufficiently serious, *i,e.*, "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* at 280.

Plaintiff must also demonstrate that, as a subjective matter, each defendant acted with a subjectively culpable state of mind. *Brock v. Wright,* 315 F.3d 158, 162 (2d Cir. 2003). In other words, each defendant must disregard an excessive risk to inmate health or safety of which he is aware. *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002). The defendant's actions must go beyond mere negligence or medical malpractice and demonstrate a reckless disregard for the risk presented. *Farmer*, 511 U.S. at 835.

The evidence before the Court demonstrates that plaintiff received adequate medical care. Although plaintiff desired earlier intervention, it is clear that the lump under plaintiff's armpit was observed by medical personnel making rounds on the cell block and that plaintiff was referred to the medical unit for further examination and treatment when the abscess burst. Dkt. #27-4, p.29. At that point, the abscess was cultured and plaintiff was started on antibiotics appropriate for treatment of a MRSA infection. Dkt. #27-5, ¶ ¶ 8-10. The antibiotics treated the MRSA infection successfully. Dkt. #27-4, p.36. Dr. Heidelberger's opinion that ECCF medical staff followed the accepted standard of care and appropriately monitored and treated plaintiff is unrefuted. Dkt. #27-5, ¶ 17.

**CONCLUSION**

For the reasons set forth above, it is recommended that defendants' motion for summary judgment (Dkt. #26), be granted and plaintiff's motion for summary judgment (Dkt. #29), be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v.*

*Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to plaintiff and the attorney for the defendants.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**February 4, 2011**

      <u>s/ H. Kenneth Schroeder, Jr.</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**